IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terrence Montgomery,

                Plaintiff,        COURT FILE NO. 13-cv-02798 (MJD/JJK)

v.

Granite Bay Acceptance, et al.,       **ANSWER OF DEFENDANT**
                                                          **GURSTEL CHARGO, P.A.**

                Defendants.

     Defendant Gurstel Chargo, P.A. ("Gurstel"), incorrectly named in the Complaint and case caption as "Gurstel Law Firm", as and for its Answer to the Complaint of Terrence Montgomery ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1.     The allegations of Paragraphs 1 through 3 of the Complaint are legal conclusions to which no response is required. To the extent that responses are required, Gurstel denies the allegations of Paragraphs 1 through 3 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 1 through 3 of the Complaint, as to the allegations concerning Gurstel's codefendants.

2.     The allegations of Paragraphs 4 and 5 of the Complaint are legal conclusions to which no response is required.

3.     The allegations of Paragraph 6 of the Complaint that "venue is proper" is a legal conclusion to which no response is required. Gurstel admits it transacts business here. Gurstel, as to itself, denies that the conduct complained of occurred here. Gurstel has insufficient information and knowledge to admit or deny the

allegations of Paragraph 6 the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

4. The allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent that responses are required, Gurstel denies the allegations.

5. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 8 through 14 of the Complaint.

6. As to the allegations of Paragraph 15 of the Complaint, Gurstel admits that it is a debt collection law firm that regularly collects defaulted debts. Gurstel denies that it does business under, or is known as, "Gurstel Law Firm."

7. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 16 through 19 of the Complaint.

8. As to Paragraph 20 of the Complaint, Gurstel denies that it engages in the practices alleged in the Complaint. Gurstel has insufficient information and knowledge to admit or deny whether Plaintiff intends to "propound discovery." Gurstel has insufficient information and knowledge to admit or deny any of the allegations of Paragraph 20 the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

9. The allegations of Paragraphs 21 and 22 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraphs 21 and 22 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 21 and 22 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

10. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 23 through 31 of the Complaint.

11. The allegations of Paragraph 32 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 32 Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 32 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

12. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 33 and 34 of the Complaint.

13. Gurstel denies the allegations of Paragraphs 35 and 36 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 35 and 36 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

14. The allegations of Paragraph 37 through 41 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 37 through 41 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 37 through 41 the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

15. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 42 through 44 of the Complaint

16. The allegations of Paragraph 45 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel

        denies the allegations of Paragraph 45 the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 45 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

17. Gurstel has insufficient information and knowledge to admit or deny the allegations of Paragraphs 46 of the Complaint.

18. Gurstel denies the allegations of Paragraphs 47 and 48 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 47 and 48 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

19. The allegations of Paragraph 49 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 49 the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 49 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

20. Paragraph 50 of the Complaint does not call for a response.

21. The allegations of Paragraph 50 through 53 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraphs 50 through 53 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 50 through 53 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

22. Paragraph 54 of the Complaint does not call for a response.

23. The allegations of Paragraph 55 through 57 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraphs 55 through 57 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 55 through 57 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

24. Paragraph 58 of the Complaint does not call for a response.

25. The allegations of Paragraph 59 through 67 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraphs 59 through 67 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 59 through 67 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

26. Paragraph 68 of the Complaint does not call for a response.

27. Gurstel denies the allegations of Paragraphs 69 through 81 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraphs 69 through 81 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

28. Paragraph 82 of the Complaint does not call for a response.

30. The allegations of Paragraph 83 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 83 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of

Paragraph 83 of the Complaint to the extent they concern the acts or omissions of Gurstel's codefendants.

31. Paragraph 84 of the Complaint does not call for a response.

32. The allegations of Paragraphs 85 through 87 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 85 through 87 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraph 85 through 87 of the Complaint to the extent they are addressed to Gurstel's codefendants.

34. Paragraph 88 of the Complaint does not call for a response.

35. The allegations of Paragraphs 89 through 91 of the Complaint are legal conclusions to which no responses are required. To the extent that responses are required, Gurstel denies the allegations of Paragraph 89 through 91 of the Complaint, as to itself; and has insufficient information and knowledge to admit or deny the allegations of Paragraph 89 through 91 of the Complaint to the extent they are addressed to Gurstel's codefendants.

36. Gurstel denies that Plaintiff is entitled to, or has established a legal basis for, any of the relief for which she prays.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Gurstel denies, was due to the affirmative actions or omissions of Plaintiff or others, and does not give rise to any liability of Gurstel.

## THIRD DEFENSE

Plaintiff has failed to take reasonable action to avoid or mitigate any alleged detriment or damage.

## FOURTH DEFENSE

Gurstel's conduct, to the extent it might otherwise have represented a violation the FDCPA, was a bona fide error within the meaning of 15 U.S.C. § 1692k.

## FIFTH DEFENSE

Plaintiff has released or discharged Gurstel from any liability based on the allegations of the Complaint.

## SIXTH DEFENSE

As a separate alternative defense to the Complaint, Gurstel alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. To the extent that any or all of Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above, and the availability of such defenses cannot be determined until Gurstel has had an opportunity to complete discovery, Gurstel incorporates all said affirmative defenses as if fully set forth herein.

**WHEREFORE,** GURSTEL prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Gurstel with prejudice and on the merits; and

2. That Gurstel be awarded its costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

3. Awarding Gurstel such other and further relief as the Court deems just and e equitable.

Dated:  December 5, 2013                                     **GURSTEL CHARGO, P.A.**

*/s/ Spencer J. Seamans*
Spencer J. Seamans (#0388019)
Attorneys for Gurstel Chargo, P.A.
6681 Country Club Drive
Golden Valley, MN 55427
Telephone: 763-267-6846
Fax:  763-267-6777
s.seamans@gurstel.com