UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 13-CV-02798 (MJD/JJK)

| | |
|---|---|
| Terrence K. Montgomery, Robert N. Broberg Jr., and Michelle L. Bertsch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Experian Information Solutions, Inc., Granite Bay Acceptance, Inc., and Sherry Moore,<br><br>Defendants. | AMENDED COMPLAINT<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Terrence K. Montgomery, Robert N. Broberg Jr., and Michelle L. Bertsch (hereinafter, collectively, "Plaintiffs") assert the following individual and class action claims based on their personal knowledge, as to facts particular to each Plaintiff's experience, and otherwise based on investigations of counsel and on information and belief:

## INTRODUCTION

1. This is a private attorney general consumer class action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PARTIES

2. Plaintiff Terrence K. Montgomery (hereinafter "Plaintiff Montgomery") is a natural person residing in the City of Lakeland, County of Washington, State of Minnesota.

3. Plaintiff Robert N. Broberg Jr. (hereinafter "Plaintiff Broberg") is a natural person residing in the City of Minneapolis, County of Hennepin, State of Minnesota.

4. Plaintiff Michelle L. Bertsch (hereinafter "Plaintiff Bertsch") is a natural person residing in the City of Las Vegas, County of Clark, State of Nevada.

5. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a business corporation organized under the laws of the State of Ohio maintaining its chief executive offices in the State of California.

6. Defendant Granite Bay Acceptance Inc. (hereinafter "Granite Bay") is a business corporation organized under the laws of the State of Nevada maintaining its chief executive offices in the State of California.

7. Defendant Sherry Moore (hereinafter "Moore") is a natural person who, on information and belief, is a resident of the State of California.

8. Where referred to collectively in this Class Action Complaint, Experian, Granite Bay, and Moore will be referred to as "Defendants."

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. This Court has personal jurisdiction over Defendants pursuant to Minn. Stat. § 543.19 subd. 1(2) and (3) because Defendants transact business in Minnesota and make money buying and selling consumer data about Minnesotans in a manner that violates their rights under the FCRA.

11. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because, on information and belief, Defendants' wrongful disclosure and use of the private consumer credit information of Minnesota consumers resulted in target marketing materials received by numerous Minnesotans within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. On April 24th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

13. At the time of the April 24th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

14. On July 6th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

15. At the time of the July 6th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

16. On August 7th, 2012, Experian sold a consumer report about Plaintiff Bertsch to Granite Bay.

17. At the time of the August 7th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the

same to Plaintiff Bertsch in a report requested by Plaintiff Bertsch on February 11th, 2014.

18. On September 25th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

19. At the time of the September 25th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

20. On October 4th, 2012, Experian sold a consumer report about Plaintiff Broberg to Granite Bay.

21. At the time of the October 4th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Broberg in a report requested by Broberg on December 27th, 2013.

22. On October 29th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

23. At the time of the October 29th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

24. On October 30th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

25. At the time of the October 30th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

26. On November 2nd, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

27. At the time of the November 2nd, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

28. On November 5th, 2012, Experian sold a consumer report about Plaintiff Montgomery to Granite Bay.

29. At the time of the November 5th, 2012 sale, Experian believed Granite Bay's business address to be 2940 Hebron Park Drive, Hebron, Kentucky 41048, and reported the same to Plaintiff Montgomery in a report requested by Plaintiff Montgomery on September 16th, 2013.

30. Plaintiffs Montgomery, Broberg, and Bertsch did not know about the sales of their consumer reports by Experian to Granite Bay until September 16th, 2013, December 27th, 2013, February 11th, 2014, respectively

31. In addition to the sales of Plaintiffs' consumer reports identified above, Plaintiffs have learned, through investigations of counsel and interviews with four consumers similarly situated to Plaintiffs (hereinafter the "Sample Class Members"), that

Experian made additional sales of consumer reports to Granite Bay on May 7th, 2012, May 25th, 2012, June 28th, 2012, October 4th, 2012, October 16th, 2012, May 7th, 2013, and December 20th, 2013, each time believing that Granite Bay's business address was 2940 Hebron Park Drive, Hebron, Kentucky 41048 and reporting the same to the Sample Class Members upon their request.

32. Years prior, on May 19th, 2010, Granite Bay filed documents with the State of Kentucky seeking authority to transact business at 2940 Hebron Park Drive, Hebron, Kentucky 41048.

33. About six months after that, on December 13th, 2010, Granite Bay's chief executive, Defendant Moore, filed a certification with the State of Kentucky swearing under penalty of perjury that Granite Bay had ceased conducting business in Kentucky as of November 15th, 2010.

34. On information and belief, including a failed attempt by Plaintiffs' counsel to serve process on Granite Bay at 2940 Hebron Park Drive, Hebron, Kentucky 41048 in February 2014, the certification of Defendant Moore was true.

35. In an affidavit of due and diligent attempt to serve process, a third-party process server swore that no business by the name of Granite Bay Acceptance Inc. was present and doing business at 2940 Hebron Park Drive, Hebron, Kentucky 41048.

36. On information and belief, Granite Bay was not at any time after November 15th, 2010 present and doing business at the address 2940 Hebron Park Drive, Hebron, Kentucky 41048.

37. Plaintiff Montgomery never applied for any credit, service, insurance, or employment from Granite Bay.

38. Plaintiff Broberg never applied for any credit, service, insurance, or employment from Granite Bay.

39. Plaintiff Bertsch never applied for any credit, service, insurance, or employment from Granite Bay.

40. The Sample Class Members never applied for any credit, service, insurance, or employment from Granite Bay.

41. Plaintiff Montgomery does not recall ever receiving a firm offer of credit or insurance from Granite Bay.

42. On information and belief, Granite Bay never sent Plaintiff Montgomery a firm offer of credit or insurance.

43. Plaintiff Broberg does not recall ever receiving a firm offer of credit or insurance from Granite Bay.

44. On information and belief, Granite Bay never sent Plaintiff Broberg a firm offer of credit or insurance.

45. Plaintiff Bertsch does not recall ever receiving a firm offer of credit or insurance from Granite Bay.

46. On information and belief, Granite Bay never sent Plaintiff Bertsch a firm offer of credit or insurance.

47. The Sample Class Members do not recall ever receiving firm offers of credit or insurance from Granite Bay.

48. On information and belief, Granite Bay never sent the Sample Class Members firm offers of credit or insurance.

49. After Experian sold consumer reports about Plaintiffs and the Sample Class Members to Granite Bay, Plaintiffs and the Sample Class Members all received target market materials other than firm offers of credit or insurance from third-parties—that is, from persons other than Experian or Granite Bay—stating that Plaintiffs were identified as targets based on their credit information.

50. Of Plaintiffs and the Sample Class Members, four are Minnesota residents who received the target marketing materials described above at their residences in Minnesota.

51. One of the Sample Class Members is from Massachusetts and received target marketing materials described above at her residence.

52. One of the Sample Class Members is from Illinois and received target marketing materials described above at her residence.

53. On information and belief, Granite Bay permitted one or more third-parties to use Experian consumer reports on Plaintiffs, the Sample Class Members, and many others for target marketing other than firm offers of credit or insurance.

54. On information and belief, Granite Bay had a practice to intentionally obtain "prescreened" marketing lists from Experian intended by Experian only to be used for firm offers of credit or insurance and, instead, intentionally and knowingly disclose those marketing lists to third-parties for target marketing other than firm offers of credit or insurance.

55. On information and belief, Defendant Moore directed the activities described in above paragraph in the name of Granite Bay.

56. Use or disclosure of a consumer report for target marketing other than a firm offer of credit or insurance is a violation of 15 U.S.C. § 1681b(f) of the FCRA.

57. Persons who obtain consumer reports to make lawful firm offers of credit or insurance are required by the FCRA, 15 U.S.C. § 1681m(d)(3), to keep a record of the offer criteria used to select each consumer for three years from the date of the offer.

58. On or around January 6th, 2014, Plaintiffs' counsel dispatched a letter on behalf of Plaintiff Broberg to Granite Bay via U.S. mail titled "Spoliation Notice" (hereinafter, the "Letter").

59. Plaintiffs' counsel did not receive the Letter back as undeliverable mail.

60. On information and belief, Granite Bay received the Letter.

61. In the Letter, Plaintiffs' counsel advised Granite Bay that Plaintiff believed Granite Bay obtained, used, and disclosed his consumer report from Experian on October 4th, 2012 for unlawful purposes.

62. Granite Bay made no response to the Letter.

63. In light of the FCRA requirement that firm offer criteria be kept on file by the offeror for three years, if Granite Bay had obtained Plaintiff Broberg's consumer report for the lawful purpose of making him a firm offer of credit or insurance, Granite Bay could have apprised Plaintiff Broberg of the lawful nature of its actions by

9

forwarding its record of the offer criteria used to select Plaintiff Broberg to Plaintiffs' counsel.

64. In addition to the absence of any communications between Granite Bay and Plaintiffs or between Granite Bay and the Sample Class Members, Granite Bay's failure to respond to the Letter constitutes a further factual basis to conclude that Granite Bay does not have the required firm offer criteria and did not, in fact, use Plaintiffs' consumer reports for any lawful purpose.

65. On information and belief, Granite Bay and Moore obtained, used, and disclosed the consumer reports of Plaintiffs, the Sample Class Members, and many others without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

66. To the extent Granite Bay and Moore procured the consumer reports of Plaintiffs, the Sample Class Members, and many others for the purpose of reselling the reports to persons with permissible purposes to use them, the FCRA required Granite Bay and Moore to verify that the downstream purchasers would only use the reports for permissible purposes.

67. On information and belief, and in particular receipt by Plaintiffs and the Sample Class Members of voluminous unlawful target marketing materials identifying their credit information and the failure of Granite Bay to respond to the Letter, Granite Bay failed in its duties to verify the identities and purposes of downstream purchasers.

68. For Experian's part, the FCRA requires Experian to investigate the identity and proffered permissible purpose of a new prospective user of consumer reports before Experian discloses reports to that user.

69. Further, the FCRA requires Experian to maintain reasonable procedures to ensure that its consumer reports are used only for permissible purposes.

70. If Experian has reasonable cause to believe that a person requesting a consumer report will misuse the report, it is a violation of the FCRA for Experian to furnish the report.

71. In recent months, Experian has been exposed for having lax procedures in place to prevent misuse of its data.

72. In one high profile case, Experian was exposed as the source of data bought and resold to an identity thief.

73. In this case, years passed without Experian knowing that Granite Bay had publicly withdrawn its authority to transact business at its location of record with Experian.

74. On information and belief, Experian lacked any procedures to maintain current contact information for users of its prescreened marketing lists.

75. On information and belief, Experian maintained no procedures to communicate on a periodic basis with users of its prescreened marketing lists.

76. On information and belief, Experian failed to implement any system to monitor users of its prescreened marketing lists to prevent misuse.

77. On information and belief, Experian regularly permitted sales of its data to Granite Bay for more than three years after November 15th, 2010 without Experian conducting a single audit of Granite Bay's business.

78. By failing to have procedures to communicate with, monitor, audit, and maintain current contact information for users of its prescreened marketing lists, Experian took an unjustifiably high risk that that its data would be regularly misused.

79. In addition to its duties to maintain reasonable procedures to prevent misuse, the FCRA imposes on Experian a duty to accurately identify persons who obtained a consumer's report to consumers who request this disclosure.

80. To Plaintiffs and, on information and belief, to many others, Experian inaccurately identified Granite Bay's address.

81. Experian's failures to satisfy its statutory obligations constituted reckless disregard for consumers' rights under the FCRA.

## CLASS ACTION ALLEGATIONS

82. Plaintiffs bring this action individually and as a Class action.

83. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiffs seeks to certify the following class (hereinafter the "Class"):

> *All (1) consumers (2) about whom (3) Experian (4) furnished a consumer report (5) on or after May 29th, 2012 (6) based on a certification of identity naming Granite Bay Acceptance as the report requestor at the address 2940 Hebron Park Drive, Hebron, Kentucky 41048 (7) which did not result in permissible use of the report, as defined by 15 U.S.C. § 1681b.*

84. The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, as well as their spouses and children, (2) Counsel for Defendants, as well as their spouses and children, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff, as well as their spouses and children.*

85. The Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

86. On information and belief, Experian sold to Granite Bay and Moore, and Granite Bay and Moore in turn disclosed to others, prescreened marketing lists compiled based on individual consumer credit information.

87. These lists, by their very nature, are designed to target large numbers of people.

88. On information and belief, the practice of Granite Bay and Moore was to disclose entire prescreened marketing lists obtained from Experian for target marketing other than firm offers of credit or insurance.

89. It is plausible that a large number of consumers were improperly targeted using credit information lists sold and disclosed by Experian and Granite Bay and Moore such that joinder of all in this lawsuit would be impracticable.

### *Commonality*

90. All members of the Class had their rights violated in the same manner by the same actions of Defendants.

91. Common evidence, in particular (1) prescreened marketing lists purchased by Granite Bay through Experian, (2) records of all persons to whom Granite Bay disclosed the Experian lists, (3) communications between Granite Bay and all persons to whom Granite Bay disclosed the Experian lists, (4) communications between Granite Bay and Experian, (5) Experian's actions, or inaction, to prevent misuse of its data by Granite Bay, and (6) Experian's policies and procedures, will be the driving force of resolution of the claims of all Class members.

92. Statutory relief under the FCRA is directed based on the common conduct of Defendants, i.e. the extent to which Defendants' actions constituted reckless disregard of consumers' rights under the FCRA, and not the subjective, individual experiences of members of the Class.

*Typicality*

93. Plaintiffs have the same claims to statutory relief as all other members of the Class.

94. Any defenses that Defendants may have to liability or quantum of damages with respect to Plaintiffs' claims would be generally applicable to all members of the Class.

*Adequacy*

95. Plaintiffs bring this lawsuit after an extensive investigation of Defendants' alleged misconduct.

96. Plaintiffs bring this lawsuit with the intention to stop Defendants' unlawful practices and recover statutory penalties for all consumers affected.

97. Plaintiffs will continue to vigorously pursue relief for the Class.

98. Plaintiffs' counsel the Consumer Justice Center, P.A. has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

99. Plaintiffs' counsel McDonough & Nowicki PLLC devote a substantial part of their practice to enforcing important but often ignored consumer protections, like FCRA privacy rights.

100. Plaintiffs' counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf the Class

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

101. Statutory relief under the FCRA follows from evidence of the Defendants' states of mind and not the subjective experience of any one complainant.

102. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

*Superiority*

103. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay and uncertainty of recovery after prosecuting this privacy lawsuit.

104. Upon information and belief, few members of the Class are aware that Defendants sold and used their credit information for an unlawful purpose.

105. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where otherwise there would be none.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FCRA AGAINST EXPERIAN

106. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

107. Experian willfully and recklessly disregarded its duties under 15 U.S.C. § 1681e(a) to prevent misappropriation and misuse of the private and protected credit information of Plaintiffs and the Class.

108. Experian's failures resulted in the unlawful use of the credit information of Plaintiffs and the Class to target them with marketing materials other than firm offers of credit or insurance.

109. Experian willfully and recklessly failed to accurately identify Granite Bay by address to Plaintiffs upon their request for disclosures required by 15 U.S.C. § 1681g.

110. Experian is liable to Plaintiffs and the Class for statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

### COUNT II.

### VIOLATIONS OF THE FCRA AGAINST GRANITE BAY AND MOORE

111. Plaintiffs incorporates by reference all preceding paragraphs as though fully stated herein.

112. On information and belief, Granite Bay and Moore willfully and knowingly, and in reckless disregard for Plaintiffs' privacy rights under the FCRA, obtained the consumer reports of Plaintiffs and the Class via prescreened marketing lists and used those consumer reports for an impermissible purpose in violation of 15 U.S.C. § 1681b(f).

113. On information and belief, Granite Bay and Moore recklessly disregard their duties to prevent misuse of the consumer reports of Plaintiffs and the Class by downstream purchasers in violation of 15 U.S.C. § 1681e(e).

114. Granite Bay and Moore are liable to Plaintiffs and the Class for statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR JURY TRIAL

115. Pursuant to the Seventh Amendment of the Constitution and Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that this Court enter Judgment against Defendants:

- for statutory damages for violations of 15 U.S.C. § 1681e(a) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;
- for punitive damages for violations of 15 U.S.C. § 1681e(a) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);
- for statutory damages for violations of 15 U.S.C. § 1681g(a)(3) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;
- for punitive damages for violations of 15 U.S.C. § 1681g in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2)(a)(3);
- for statutory damages for violations of 15 U.S.C. § 1681b(f) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;
- for punitive damages for violations of 15 U.S.C. § 1681b(f) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);
- for statutory damages for violations of 15 U.S.C. § 1681e(e) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;

- for punitive damages for violations of 15 U.S.C. § 1681e(e) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);
- for an order pursuant to Fed. R. Civ. P. 23(c) certifying this action as a class action and appointing Plaintiffs and the undersigned counsel to represent the Class;
- for an order declaring that Plaintiffs brought a successful action under the FCRA;
- for reasonable costs and attorneys' fees as provided by FCRA; and
- for such other and further relief as may be just and proper.

Dated this 29th day of May, 2014.   **CONSUMER JUSTICE CENTER P.A.**
**MCDONOUGH & NOWICKI PLLC**

Respectfully submitted,

By:   s/Thomas J. Lyons, Jr.

Thomas J. Lyons, Jr.
MN No. 249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

Brandon T. McDonough, Esq.
MN No. 0393259
Nicholas R. Nowicki, Esq.
MN No. 0395083
3011 36th Avenue South, Suite 6
Telephone:  612-217-0257
Facsimile:  612-345-7016
e-mail:  brandon@mcnowick.com
email: nik@mcnowick.com

***ATTORNEYS FOR PLAINTIFFS AND THE CLASS***